**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOANN GREEN,** : | |
|        **Plaintiff,** : | |
| : | |
|    **v.** : | **CIVIL ACTION NO. 14-1942** |
| : | |
| **CAROLYN W. COLVIN,** : | |
| **COMMISSIONER OF SOCIAL SECURITY** : | |
|        **Defendant.** : | |

**MEMORANDUM OPINION**

Rufe, J.                                                                                          April 27, 2016

## I.     INTRODUCTION

Plaintiff Joann Green filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Plaintiff seeks reversal of the Commissioner's decision, arguing that the Administrative Law Judge's ("ALJ") finding that she is not disabled was not based on substantial evidence. Magistrate Judge Linda K. Caracappa issued a Report and Recommendation ("R&R"),[1] finding that the ALJ's decision was based on substantial evidence, and recommending that this Court deny Plaintiff's request for review and affirm the final decision of the Commissioner. Plaintiff has filed objections to the R&R.

Upon this Court's careful, independent consideration of the administrative record, the parties' submissions, and the applicable law, the Court has determined that the ALJ's decision

---

[1] *See* Local R. Civ. Pro. 72.1.I(a); 28 U.S.C. § 636(b)(1)(B).

was not supported by substantial evidence. Therefore, Plaintiff's objections to the R&R will be

sustained, and the case will be remanded to the Commissioner for further proceedings.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB on December 20, 2010, and filed an application for

SSI on February 25, 2011.[2] The ALJ found that Plaintiff had severe impairments of chronic

obstructive pulmonary disease ("COPD"), right shoulder degenerative joint

disease/osteoarthritis, hypertension, a history of MRSA, and a history of left foot arthroplasty.[3]

The ALJ also found that Plaintiff had a medically determinable mental impairment of depression

not otherwise specified, which resulted in mild impairments in her ability to perform daily living

activities and to sustain concentration, persistence, or pace.[4] The ALJ then determined that

Plaintiff had the residual functional capacity (RFC) to perform less than a full range of sedentary

work activity, and based on the testimony of a vocational expert, concluded that Plaintiff could

perform her past work as a receptionist and a debt collector and therefore was not disabled.[5]

After exhausting her administrative appeals, Plaintiff filed suit in this Court, contending

that the ALJ's decision was not supported by substantial evidence because the ALJ failed to

consider Plaintiff's mild impairments in daily living activities and concentration, persistence, or

pace in the RFC analysis. The Magistrate Judge concluded that the ALJ did not err in failing to

consider these impairments and recommended that the Court deny Plaintiff's request for review.

---

[2] R. 30.

[3] R. 37. "MRSA stands for methicillin-resisitant [] *Staphylococcus aureus*. MRSA is a 'staph' germ that does not get better with the first-line antibiotics that usually cure staph infections." R. 34 (internal citation omitted).

[4] R. 38-39.

[5] R. 41-42.

## III.    STANDARD OF REVIEW

An ALJ reviewing an application for disability benefits must employ the five-step sequential evaluation process promulgated by the SSA.[6] At step one, the ALJ must determine whether the applicant is currently engaging in "substantial gainful activity"; if the ALJ so finds, the claim is denied.[7] In step two, the ALJ must determine whether the claimant is suffering from a severe impairment.[8] If the claimant suffers from a severe impairment, the ALJ at step three compares the claimant's impairment to a list of impairments presumed to preclude any gainful work, which are listed in Part 404, Subpart P, Appendix 1 of the applicable regulations ("listed impairments").[9] If the applicant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.  At step four, the ALJ must determine whether the applicant has the RFC to perform past relevant work.[10] If the applicant proves she cannot resume her former occupation, the burden shifts to the Commissioner at step five, where the Commissioner must demonstrate that the applicant is capable of performing other work available in the national economy.[11] If the Commissioner cannot demonstrate that the applicant is capable of other available work, the ALJ must find that the applicant is disabled.

A court reviewing a Social Security case must base its decision on the record of the administrative proceedings and the pleadings of the parties.[12] The court's review of legal issues

---

[6] 20 C.F.R. §§ 404.1520, 416.920; *see also Sykes v. Apfel*, 228 F.3d 259, 262-63 (3d Cir. 2000).

[7] 20 C.F.R. §§ 404.1520(b), 416.920(b); *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

[8] 20 C.F.R. §§ 404.1520(c), 416.920(d).

[9] *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

[10] 20 C.F.R. §§ 404.1520(e), 416.920(e).

[11] *Id.*

[12] 42 U.S.C. § 405(g).

is plenary, but its factual review is limited.[13] The court must determine whether the record contains substantial evidence to support the ALJ's factual findings, and whether the Commissioner applied the proper legal standards in making its decision.[14] "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[15] The amount required is more than a mere scintilla, but less than a preponderance of the evidence.[16] If the ALJ's factual findings were determined according to the correct legal standards and are supported by substantial evidence, the court is bound by them, "even if [it] would have decided the factual inquiry differently."[17]

A district court must review *de novo* those portions of a magistrate judge's report and recommendation to which a party has objected.[18] The district court may in its discretion "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[19]

## V.   DISCUSSION

Plaintiff argues that the R&R erred in concluding that the ALJ's decision was supported by substantial evidence because the ALJ's RFC assessment and hypothetical questioning of the

---

[13] *Schaudeck v. Comm'r of Soc. Sec.,* 181 F.3d 429, 431 (3d Cir. 1999).

[14] *See Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

[15] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995).

[16] *See Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

[17] *Fargnoli*, 247 F.3d at 38.

[18] 28 U.S.C. § 636(b)(1)(c).

[19] *Id.*

vocational expert failed to incorporate the ALJ's own findings that Plaintiff has mild limitations in activities of daily living and concentration, persistence, or pace as a result of her depression.[20]

An ALJ must consider all of a claimant's medically determinable impairments in assessing a claimant's RFC, including impairments that are not severe.[21] When questioning a vocational expert, an ALJ's hypothetical question must accurately convey all "credibly established limitations."[22] "Limitations that are medically supported and otherwise uncontroverted in the record, but that are not included in the hypothetical question posed to the expert, preclude reliance on the expert's response."[23]

The R&R found that the ALJ did not err by failing to include Plaintiff's mild limitations in activities of daily living and concentration, persistence, or pace in the RFC assessment or in the hypothetical questions posed to the vocational expert because the limitations were not credibly established, lacking support in the record. After reviewing the record, the R&R determined that the evidence of Plaintiff's depression was limited to Plaintiff's own allegations of depression and the evaluation of Dr. James Vizza, Psy.D. The R&R concluded that this evidence was insufficient to support Plaintiff's claimed limitations in activities of daily living and concentration, persistence, or pace and therefore the limitations were not credibly established.[24] Because the ALJ explicitly found that Plaintiff suffered from these limitations,

---

[20] Pl.'s Obj. to the R&R 2, Doc. No. 17. At step 2 of the analysis, the ALJ found "[w]ith respect to the claimant's ability to perform daily living activities, the undersigned finds the claimant's mental condition [of depression] results in only mild impairment in this functional area, and in her ability to sustain concentration, persistence, and pace." R. 39.

[21] 20 C.F.R. § 404.1545.

[22] *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005) (emphasis added).

[23] *Id.*

[24] R&R at 11-13.  In effect, the R&R concluded that the ALJ's decision was supported by substantial evidence because one of the ALJ's factual findings was not supported by the record.

however, the Court may only disturb this factual finding if it is not supported by substantial evidence.

The record includes Plaintiff's assertions that she has difficulty completing tasks, concentrating, and understanding, and that she has difficulty handling stress,[25] which the ALJ appears to have found credible. The record also contains Dr. Vizza's evaluation which diagnosed Plaintiff with depressive disorder and found that she has mild limitations in activities of daily living,[26] and records from Plaintiff's treating physician, Dr. Ramesh Parchuri, M.D., which list a diagnosis of depression.[27] The Court finds that "a reasonable mind might accept [this evidence] as adequate to support a conclusion"[28] that Plaintiff suffered from depression that resulted in mild functional limitations in daily living and concentration, persistence, or pace. As a result, these limitations are supported by substantial evidence, and the ALJ's factual finding will not be disturbed.

The Commissioner does not dispute that the ALJ did not include all of the limitations in in her hypothetical questions to the vocational expert, but contends that the ALJ made her findings as to these limitations when assessing Plaintiff's mental impairments at step 2 of the sequential analysis,[29] and that the broad functional findings made as part of this analysis are not an RFC assessment and need not be included in the more specific and detailed RFC assessment

---

[25] R. 212-13.

[26] R. 530, R. 537

[27] R. 371, 375, 377.

[28] *Richardson v*, 402 U.S. at 401 (internal quotation and citation omitted).

[29] 20 C.F.R. § 416.920a ("[W]hen we evaluate the severity of mental impairments for adults (persons age 18 and over)…we must follow a special technique at each level in the administrative review process."). This special technique requires the ALJ to assess the claimant's degree of functional limitation by rating the claimant's degree of functional limitation in four broad areas: "Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." *Id.*

at step 4. In *Ramirez v. Barnhart*, however, the Third Circuit explicitly rejected this argument.[30] The Court of Appeals held that an ALJ's decision was not supported by substantial evidence where the ALJ's hypothetical "did not adequately capture and recite all of [the plaintiff's] mental impairments and the limitations caused by those impairments," including a limitation in concentration, persistence or pace that was found when assessing the plaintiff's mental impairments at step 2 of the sequential analysis.[31]

The Court thus holds that the ALJ's decision was not supported by substantial evidence because the ALJ's RFC assessment and hypothetical questioning did not include Plaintiff's credibly established mild limitations in activities of daily living and concentration, persistence, or pace.[32] The case will be remanded to the Commissioner for further consideration of whether Plaintiff's mental impairments limit her ability to perform her past or other work. On remand, the ALJ should include all of Plaintiff's mental and physical impairments in any hypothetical questions to the vocational expert.

## VI.  CONCLUSION

For the foregoing reasons, this Court sustains Plaintiff's objections to the R&R, grants Plaintiff's request for review, and remands for further consideration pursuant to the fourth sentence of 42 U.S.C. § 405(g). An appropriate order follows.

---

[30] 372 F.3d 546, 555 (3d Cir. 2004).

[31] *Id.* at 551, 555.

[32] *See e.g., Ramirez,* 372 F.3d at 554; *Washington v. Astrue*, No. 08-2938, 2009 WL 855893, at *1 (E.D. Pa. Mar. 31, 2009) (holding that remand was necessary where ALJ found at step 4 that the plaintiff could perform her past relevant work but failed to include the plaintiff's mild limitations in social functioning and concentration in her RFC assessment and hypothetical to the vocational expert); *Curran v. Astrue*, No. 11-5894, 2012 WL 5494616, at *5 (E.D. Pa. Nov. 13, 2012) (holding that the ALJ's hypothetical was incomplete where it failed to address the Plaintiff's mild functional limitations in daily living, social functioning, and concentration, persistence or pace).

7